## Press Law Firm PLLC

144 East 44th Street, Eighth Floor
New York, NY 10017

Matthew J. Press                                                                    Cell (347) 419-0983
(212) 922-1111                                                              mpress@presslawfirm.com

July 1, 2015

**BY FACSIMILE AND ECF**

The Honorable Robert W. Sweet
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Courtroom 18C
New York, NY 10007-1312

**Re:     *Contact Solutions, LLC v. Daniel O'Sullivan and Gyst, Inc., Civ. Action. No.   15-cv-04292***

Dear Judge Sweet:

I am counsel to Plaintiff Contact Solutions, LLC ("CS") in the above matter (the "Federal Action"), arising from copyright infringement and misappropriation of trade secrets and confidential business information by a former senior employee of CS, Defendant O'Sullivan, and his unincorporated business identified as "Gyst, Inc." ("Gyst").

I write to request the Court's authority, pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules § 308(5), to serve the Summons and Complaint in this action upon Mr. O'Sullivan's counsel in a related matter— Michael S. Cox, of Phillips, Artura & Cox—as agent for both Mr. O'Sullivan and Gyst.  Mr. Cox is counsel to Mr. O'Sullivan in a breach of contact action Mr. O'Sullivan brought against CS in New York state court, captioned *Adaptivity Research, Inc. and Daniel O'Sullivan v. Contact Solutions, LLC,* Supreme Court of the State of New York, County of Westchester, Index No. 57577/2015 (the "State Action").

On June 4, 2015, CS filed the Summons and Complaint in the present Federal Action, a copy of which is attached hereto as Exhibit 1.  I then emailed Mr. Cox a courtesy copy, and requested that he accept service on behalf of both defendants.  *See* Exhibit 2, hereto.  Mr. Cox declined.  Accordingly, CS attempted to serve O'Sullivan and Gyst—which, despite its name, is not incorporated in any state, and thus is a sole proprietorship—at the home address Mr. Cox provided in O'Sullivan's Verified Amended Complaint in the State Action: 322 Richbell Road, Apt. B4, Mamaroneck, NY 10543.  *See* Exhibit 3, hereto.  However, CS' process servers discovered that the Richbell Road address Messrs. O'Sullivan and Cox provided in a sworn court paper was false, and reported from neighbors that Mr. O'Sullivan is unknown at that address.  *See* Exhibit 4, hereto.

At a conference in the State Action, on June 12, 2015, Mr. Cox acknowledged to me that he had forwarded the Summons and Complaint to Mr. O'Sullivan, and that they had discussed CS' claims.  Accordingly, Mr. O'Sullivan has actual notice of the Federal Action.  Thus, on June 15, 2015, I again requested that Mr. Cox accept service of the Summons and Complaint.  *See* Exhibit 5, hereto.  Again, Mr. Cox declined.

CS then hired a private investigator to identify alternative addresses belonging to Mr. O'Sullivan, and attempted service at the most recent address, 2555 Youngs Avenue, Apt. 2B, Southhold, NY 11971-1698.  *See* Exhibit 6, hereto.  However, once again, CS' process servers reported that Mr. O'Sullivan is unknown at that address.

CS urgently needs to serve O'Sullivan and Gyst, so that it can seek expedited discovery and file a motion for a preliminary injunction, enjoining O'Sullivan and Gyst from further infringing on CS' copyrighted Adaptive Audio Software, misappropriating CS' trade secrets and confidential information, and breaching O'Sullivan' clear contractual obligations under the parties' Employment Agreement.  In view of the impracticability of continuing to play "tag" with Mr. O'Sullivan, who is fully aware of the Federal Action, CS respectfully requests that the Court enter an Order authorizing CS to serve the Summons and Complaint upon Mr. Cox, as agent for both Mr. O'Sullivan and Gyst.

Such service is reasonably calculated to apprise Mr. O'Sullivan and Gyst of the pendency of the action.  *See Rampersad v. Deutsche Bank Sec., Inc.*, No. 02CIV.7311(LTS)(AJP), 2003 WL 21073951, at *1 (S.D.N.Y. May 9, 2003) (permitting service pursuant to CPLR 308(5) upon defendant's attorney in unrelated matter); *Baidoo v. Blood-Dzraku*, 5 N.Y.S.3d 709, 712 (Sup. Ct., N.Y. Cty. March 27, 2015) (permitting service of process solely by Facebook private message under CPLR 308(5), where such service was reasonably calculated to give defendant notice that he is being sued); *N.Z. v. A.G.*, 40 Misc. 3d 696, 697, 968 N.Y.S.2d 355, 356 (Fam. Ct. 2013) (finding service by email sufficient under CPLR 308(5)); *Snyder v. Alternate Energy Inc.*, 19 Misc. 3d 954, 961, 857 N.Y.S.2d 442, 448 (Civ. Ct. 2008) (same).  Indeed, as set forth above, O'Sullivan already has actual notice of CS' Complaint in this action, and cannot articulate any cognizable prejudice.

Respectfully Submitted,

Matthew J. Press

Cc:    Michael Cox
         Michael Southworth
         Vete Clements
         Jake McDermott